## G. F. GILBERT v. ALEXANDER G. PENN.

The principles in the preceding case of *Penn* v. *Ott*, reaffirmed.

APPEAL from the District Court of St. Tammany, *Waterston*, J. *J. R. Jones*, for plaintiff. *Alfred Hennen*, *G. W. Penn* and *G. W. Martin*, for defendant and appellant.

VOORHIES, J. This is an hypothecary action. The plaintiff alleges that *Jacob J. Ott* sold to *Abraham Penn*, on the 11th of July, 1849, "a certain preëmption right, with all the buildings and improvements thereon situated," for the price of $5,000, $2,000 of which in cash and the residue on terms of credit, for which the purchaser gave his four promissory notes, each for the sum of $750, payable on the 1st of January and 1st of July, 1850, and 1st of January and 1st of July, 1851, with eight per cent. per annum interest thereon from maturity until paid, the payment of which being secured by a special mortgage and the vendor's privilege on said property now in the possession of the the defendant, who acquired the same by purchase at Sheriff's sale, subject to said mortgage and privilege; that he is the holder and owner of the note which was made payable on the 1st of July, 1851, and thus secured by mortgage on said property. He, therefore, prays that the defendant be condemned to pay him said note with interest, and that the property thus mortgaged be sold to satisfy the same.

The pleadings in this case present the same issues as those presented in the case of the defendant against *Jacob J. Ott*, just decided by us.

We think it is clear that a right of preëmption and improvements on public land cannot be considered as objects susceptible of mortgage under our laws, and, therefore, cannot form the basis of an hypothecary action.

It is insisted by the plaintiff in his brief that he is entitled to claim the vendor's privilege on the property. We think not, for the reasons given in the case of the defendant against *Ott*, to which we have already adverted.

It is, therefore, ordered and decreed, that the judgment of the court below be reversed, and that the demand of the plaintiff against the defendant be rejected at his costs in both courts.